[Docket No. 11]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| ARELIA MARGARITA TAVERAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RESORTS INTERNATIONAL HOTEL,<br>INC. et al.,<br><br>　　　　Defendants. | Civil No. 07-4555 (RMB)<br><br>**OPINION AND ORDER** |

　　This matter comes before the Court upon (1) a motion to dismiss the Complaint by Defendants Trump Plaza Associates, LLC, t/a and/or d/b/a Trump Plaza Hotel and Casino, and Trump Taj Mahal Associates, LLC, t/a and/or d/b/a Trump Taj Mahal Casino Resort (the "Trump Defendants") and (2) the Court's own motion to dismiss the Complaint for failure to comply with Federal Rule of Civil Procedure 8(a).  Plaintiff, Arelia Margarita Taveras, has filed an untimely opposition to the Trump Defendants' motion.

　　The Trump Defendants argue, in part, that the Complaint should be dismissed because it fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

8(a). The complaint must give the defendant fair notice of the plaintiff's claims against it. See, e.g., Mendez v. Draham, 182 F. Supp. 2d 430, 433 (D.N.J. 2002).

The Court agrees with the defendants' argument that the Complaint is woefully deficient. The Complaint does not state clearly and plainly what claims Plaintiff is bringing against which defendant. For example, the Complaint refers at times to "Defendant" and at other times to "Defendants" without identifying the party or parties. Other than allegations against Defendants Resorts International Hotel, Bob Benz and MGM Grand Hotel and Casino (which this Court does not address at this time), it is not at all clear which allegations, if any, are directed at which defendants. Plaintiff makes no specific allegations to put these defendants on notice of the claims against them.

Plaintiff Taveras attempts to cure these deficiencies, at least as to the Trump Defendants, through her brief in opposition. The law is well-settled, however, that a party may not amend a complaint through her briefs. Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F. 2d 173, 181 (3d Cir. 1988)("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")

This Court concludes that the Complaint fails to plead in such a manner that sets forth a short and plain statement of the

claim against the defendants, other than Defendants Resorts International Hotel, Benz and MGM Grand Hotel and Casino. Accordingly, for the reasons set forth above,

    IT IS ON THIS **29th** day of **February** 2008, hereby **ORDERED** that the motion to dismiss filed by the Trump Defendants is **GRANTED**; and

    IT IS FURTHER **ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** as to all Defendants except Defendants Resorts International Hotel, Bob Benz and MGM Grand Hotel and Casino. Plaintiff may file an amended complaint that meets the requirements of Federal Rule of Civil Procedure 8(a) within 45 days from the entry of this Order.

                                            s/Renée Marie Bumb
                                            RENÉE MARIE BUMB
                                            United States District Judge