[Docket Nos. 13, 17 and 18]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| ARELIA MARGARITA TAVERAS,<br><br>        Plaintiff,<br><br>    v.<br><br>RESORTS INTERNATIONAL HOTEL,<br>INC. et al.,<br><br>        Defendants. | Civil No. 07-4555 (RMB)<br><br>**OPINION** |

This matter comes before the Court upon Defendant MGM Grand Hotel, LLC, ("MGM") (improperly pled as MGM Grand Hotel and Casino) to dismiss the Complaint for insufficiency of process and insufficiency of service of process pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4) and 12(b)(5). As set forth in the moving papers, Defendant MGM contends that Plaintiff, Arelia Margarita Taveras, has neither effected personal service of the Summons and Complaint on MGM; nor has she submitted to MGM a waiver of service of summons form in the manner provided by Federal Rule of Civil Procedure 4.

In conclusory fashion, Plaintiff responds that Defendant MGM was properly served. She states that "MGM was mailed a copy of the Complaint by Certified Mail, Return Receipt Requested, and

the Complaint was signed and received at MGM's place of business, received by the legal department or authorized representative, duly designated to sign for documents, legal or otherwise at MGM's place of business." Pl. Response, at 3. (emphasis added). Plaintiff directs the Court to her filed Affidavit of Service [Docket No. 10] which sets forth that the Summons and Complaint were served upon: "MGM Grand Hotel and Casino, 3799 Las Vegas Boulevard South, Las Vegas, Nevada 89109" by Certified Mail, Return Receipt Requested. The Affidavit does not identify, legibly, who signed for the receipt, nor whether the person was authorized to receive the Summons and Complaint as required under Federal Rule of Civil Procedure 4(h).

It is clear that Plaintiff has failed to comply with the rules of service set forth in Federal Rule of Civil Procedure 4. Specifically, Federal Rule of Civil Procedure 4(h) provides that service upon a domestic or foreign corporation (such as MGM) shall be effected by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other authorized agent, or by complying with state service or process requirements as described in Rule 4(e)(1). Fed. R. Civ. P. 4(h). Rule 4(e)(1) allows service in accordance with the "law of the state in which the district court is located [NJ] or in which service is effected [NV]." Fed. R. Civ. P. 4(e)(1). If a plaintiff does not properly serve the summons and complaint, the

2

court may dismiss it pursuant to Federal Rule of Civil Procedure 4(m).

New Jersey law requires that service of the summons and complaint upon a corporation must be made personally on an officer or other person authorized to receive service of process on behalf of the corporation.  See N.J. Ct. R. 4:4-4(a)(6).  Nevada requires similar personal service.  See Nev. R. of Civ. Proc. 4(d)(1).

The common threads among the federal, New Jersey and Nevada rules are that the summons and complaint must be served upon an authorized agent.  The record is clear that this did not occur here, and, thus, Plaintiff did not effect proper service.

The Federal Rules of Civil Procedure also provide that a party may request a waiver of formal service.  See Federal Rule of Civil Procedure 4(d)(2).  Specifically, a plaintiff may request waiver of service by providing a written request and complying with the provisions of Federal Rule of Civil Procedure 4(d)(2).

Here, the record clearly shows that counsel for Defendant MGM corresponded with Plaintiff and informed her that Defendant MGM expected her to comply with the waiver of service of process procedure or to otherwise effectuate service upon it.  Plaintiff admits in her opposition to the within motion that she "did say she would file a Waiver pursuant to Rule 4, but failed to do so."

Pl. Response, at 4.  It is unclear why Plaintiff did not follow through with the waiver request.

Federal Rules of Civil Procedure 12(b)(2), (4) and (5) permit dismissal of an action based on a defect in the process. Federal Rule of Civil Procedure 4(m) provides that courts may dismiss actions where "service of the summons and complaint has not been made within 120 days after the filing of the complaint" unless "the plaintiff shows good cause for the failure."  Fed. R. Civ. P. 4(m).

Prior to dismissing a suit pursuant to Rule 4(m), the Court should determine whether good cause exists for granting an extension of time to effectuate proper service.  <u>Petrucelli v. Bohringer & Ratzinger</u>, 46 F.3d 1298, 1305-06 (3d Cir. 1995). Good cause exists where there is a "demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules."  <u>MCI Telecoms. Corp. V. Teleconcepts</u>, 71 F.3d 1086, 1097 (3d Cir. 1995) (<u>citing</u> <u>Petrucelli</u>, 46 F.3d at 1312).  Some of the factors courts examine in determining cause exists include: (1) the reasonableness of the plaintiff's efforts to serve, (2) the prejudice that may befall a defendant as a consequence of untimely service, and (3) whether plaintiff moved for an enlargement of time to serve.  <u>Peters v. United States HUD</u>, 2006 U.S. Dist. Lexis 4727, *7 (D.N.J. 2006).

4

Here, Defendant MGM filed the within motion on January 11, 2008.  Plaintiff still had nine days to attempt to comply with the request for waiver procedures.  Inexplicably, she did nothing.  The Court is aware that Plaintiff is acting pro se; nonetheless, even a pro se plaintiff must follow the Federal Rules.  However, in her opposition papers Plaintiff did ask the Court to extend the time to effectuate service and, so the Plaintiff may have concluded that she could not pursue effectuation of service without Court approval because of the pending intervening motion.

Moreover, Defendant MGM has not proffered any evidence suggesting that it was prejudiced by Plaintiff's omissions, and the Court finds no evidence on the record.  Indeed, as set forth in the moving papers, the Defendant did receive notice of this action.

Accordingly, for these reasons, the Court will exercise its discretion, and deny the motion to dismiss, but direct Plaintiff to effect service on Defendant MGM within 45 days from the entry of this Order under pain of dismissal.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: February 29, 2008