UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| ARELIA MARGARITA TAVERAS, | : | |
| | : | Civil No. 07-4555 (RMB) |
| Plaintiff, | : | |
| v. | : | |
| | : | **MEMORANDUM AND ORDER** |
| RESORTS INTERNATIONAL HOTEL, INC. et al., | : | |
| | : | |
| Defendants. | : | |

This matter comes before the Court upon the Plaintiff, Arelia Margarita Taveras', "Joint Motion to Recuse Justice Renee Bumb and For Relief From Judgment Pursuant to CPLR Rule 60(b)." [Docket Entry No. 60]. For the reasons below, this motion will be denied.

In May 2008, several Defendants filed motions to dismiss for failure to state a claim pursuant to Fed. R. of Civ. P. 12(b)(6). On September 19, 2008, this Court granted the motions and dismissed the Amended Complaint.

Plaintiff now argues that this Court should have recused itself because it failed to disclose its prior (appropriately 17 years ago) involvement as an associate with a law firm that allegedly represented the "second largest casino gaming company

in the United States." Plaintiff seeks to set aside the Court's dismissal on this ground pursuant to Fed. R. Civ. P. 60(b).

Sections 455 and 144 of Title 28 of the United States Code establish the standard for disqualification of district court judges. Section 144 requires recusal "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse part . . . ." 28 U.S.C. § 144. To be "legally sufficient," the facts must "give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." Cooney v. Booth, 262 F.Supp. 2d 494, 501 (quoting Berger v. United States, 255 U.S. 33-34, 41 S.Ct. 230, 65 L.Ed. 481 (1921))). Under § 455(a), "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In other words, section 455(a) requires disqualification if there is a reasonable factual basis for doubting the Judge's impartiality." Venuto v. Witco Corp., 809 F.Supp. 3, 4 (D.N.J. 1992)(Rodriguez, J.)(quoting United States v. Nobel, 696 F.2d 231, 235 (3d Cir. 1982), cert. denied, 462 U.S. 1118 (1983).

Here, Plaintiff has provided no evidence of a bias or prejudice that would merit the disqualification of Judge Bumb.

In fact, the Court's tenure at the law firm referred to by the Plaintiff preceded the firm's representation of the casino gaming company of which Plaintiff complains by more than seven years. (See the Stuart M. Lederman, Esq., Affidavit).  Plaintiff's allegations are not only unsupported by an affidavit, but are reckless.  For these reasons,

    IT IS ON THIS **4th** day of **December** 2008, **ORDERED** that Plaintiff's motion be and is hereby **DENIED**.

                                             s/Renée Marie Bumb
                                             RENÉE MARIE BUMB
                                             United States District Judge